UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAMAL JOHNSON | CIVIL ACTION NO. 6:22-CV-00071 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE DAVID J. AYO |

**ORDER**

Before the court is the APPLICATION FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. 2412 filed by Edward J. Cloos, III, counsel for Plaintiff Jamal Johnson. (Rec. Doc. 16). The application is brought under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner of the Social Security Administration filed a response indicating that it does not object to an award of $4,100.00. (Rec. Doc. 19).

Johnson filed an application for disability insurance benefits and supplemental security income benefits on May 4, 2018, alleging disability beginning on September 1, 2009. (Rec. Doc. 10-1 at 236). His application was denied on October 11, 2018. (Rec. Doc. 10-1 at 118). He then requested a hearing, which was delayed due to the national emergency declared in response to the COVID-19 pandemic and delayed again at Johnson's request due to ongoing kidney issues. (Rec. Doc. 10-1 at 173, 192). On March 2, 2021, a hearing was held by telephone due to the "extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) pandemic" before Administrative Law Judge Laura Roberts. (Rec. Doc. 10-1 at 32 *et seq*). During the hearing Johnson amended his alleged onset of disability date to November 30, 2016. (Rec. Doc. 10-1 at 14, 38-39, 341). The ALJ issued a decision on May 25, 2021, concluding that Johnson

was not disabled within the meaning of the Social Security Act from the claimed disability onset date of November 30, 2016, through the date of the decision of May 25, 2021. (Rec. Doc. 10-1 at 14-27). After Johnson's request for review was denied by the Appeals Council, he appealed the ALJ's decision. In November 2023, the court adopted the undersigned magistrate judge's report and recommendation, reversing the Commissioner's decision and remanding the case for further evaluation. The judgment expressly stated that the matter was being reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Rec. Doc. 15). The instant application for attorneys' fees under the EAJA followed.

In support of the motion, Johnson argued that he was the prevailing party in the underlying Social Security appeal, that the Social Security Administration's position in the lawsuit was not substantially justified, that his motion is timely, and that he meets the EAJA's definition of the term "party." The EAJA states that a court shall award to a prevailing party fees and other expenses unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985). A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Breaux v. United States Dep't of Health and Human Servs.*, 20 F.3d 1324, 1324 (5th Cir. 1994).

Because the court entered a judgment reversing the Commissioner's adverse ruling and remanding the action for further administrative proceedings pursuant to 42 U.S.C. § 405(g), this Court finds that Johnson was the prevailing party and that the Commissioner's position was not substantially justified. Since Johnson is a prevailing party and the Commissioner does not oppose an award of fees, this Court finds that an award of fees is appropriate.

Johnson's counsel is seeking an award in the amount of $4,100.00. He attached to his motion an itemized statement of the time spent working on the appeal, showing that 20.50 hours were expended on that work at the rate of $200.00 per hour. Both Johnson and the Commissioner argued that the requested amount is reasonable, and no impediments to recovery of the requested sum were identified by the Commissioner, who does not object to the requested award.

This Court has reviewed the itemized billing statement and finds that the requested award of attorneys' fees is reasonable. Accordingly, for the foregoing reasons,

IT IS ORDERED that the APPLICATION FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. 2412 (Rec. Doc. 16) filed by Edward J. Cloos, III, counsel for Plaintiff Jamal Johnson is GRANTED; and

IT IS FURTHER ORDERED that the sum of $4,100.00 is awarded to Attorney Cloos as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check to Johnson's counsel made payable to Jamal Johnson in the amount of $4,100.00.

Signed at Lafayette, Louisiana on this 8th day of December, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE